# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN TYLER KOCH, | ) |
| | ) |
| v.                    Plaintiff, | ) |
| | ) |
| JACLYN C. KOCH, | ) |
| CYNTHIA CROSBY, | )   CIVIL ACTION NO. _____ |
| JORDAN L. MAZUR, | ) |
| MELISSA PICKETT, | ) |
| CORINE PIOTTER, | ) |
| DOUGLAS C. ZANGRE, | ) |
| GARY G. ZANGRE, | ) |
| MARILOU ZANGRE. | ) |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, John Tyler Koch, alleges as follows:

1. The Plaintiff brings this action pursuant to the provisions of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 1983, 1985, 1986, 2000a, 2000a-2 *et seq*; seeking to remedy violations and further impose civil liability on Defendants for commission of acts consistent with those prohibited by 18 U.S.C. §§ 1001, 1343, 1512(b); and, further seeking damages for the violations of his rights as secured by the Privileges and Immunities Clause of Article IV of the U.S. Constitution, the Free Exercise Clause of the First Amendment, the retained rights provision of the Ninth Amendment, the Privileges or Immunities Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment. Mr. Koch also seeks damages for deprivation of privileges or immunities without due course of law of the land in violation of Article I, § 19 of the Texas Constitution, and pursuant to the Texas common law cause of action for knowing participation. Mr. Koch seeks further damages for civil conspiracy pursuant to Missouri common law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, and 1343; 42

U.S.C. §§ 1983 and 1988, 42 U.S.C. § 2000d-2, and the common law of the states of Missouri and Texas.

3. The Plaintiff's complaint sufficiently presents the federal ingredient for subject matter jurisdiction in accordance with *Osborn v. Bank of the United States*, 9 Wheat. (22 U.S.) 738 (1824).

4. Due the nature of the claim's basis in 42 U.S.C. 1983, The Civil Rights Act of 1964, as amended, the complaint satisfies the creation test requiring that a "suit arises under the law that creates the cause of action," *American Well Works v. Layne*, 241 US 257 (1916).

5. The initial complaint further satisfies the well-pleaded complaint rule set forth in *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).

6. Finally, the Plaintiff's state law claims contain embedded federal questions which requires that any "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.* (04-603) 545 U.S. 308 (2005)

7. Supplemental jurisdiction over the pendant state law claims is proper pursuant to 28 U.S.C. §1367(a) and common law.

8. The Plaintiff consents to the personal jurisdiction of this Court pursuant to the Supreme Court's binding precedent of *Pennsylvania Fire Insurance Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917).

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because the actions and omissions giving rise to the Plaintiff's allegations commenced in the Western District of Missouri, the Plaintiff and one defendant are former residents of Boone County Missouri, and two Defendants reside and/or does business in the Western District of Missouri.

## PARTIES

10. Plaintiff John Tyler Koch is a citizen of the United States and a resident of Texas, and at all times relevant herein was a resident of the states of Missouri and Texas.

11. Defendant Jaclyn Callan Koch is a citizen of the United States and a resident of Texas, and at all times relevant herein was a resident of the states of Missouri and Texas.

12. Defendant Jordan L. Mazur is a citizen of the United States and a resident of Missouri, and at all times relevant herein was a resident of the state of Missouri, County of Boone.

13. Defendant Corinne Piotter is a citizen of the United States and a resident of Missouri, and at all times relevant herein was a resident of the state of Missouri, County of Boone.

14. Defendant Pickett is a citizen of the United States and a resident of Texas, and at all times relevant herein was a resident of the state of Texas. Pickett is sued in her individual capacity as a private person. With respect to all facts and violations alleged in this complaint, Defendant acted under color of state law by conspiring with a state official to deprive the Plaintiff of a federal right.

15. Defendant Douglas C. Zangre is a citizen of the United States and a resident of Washington, and at all times relevant herein was a resident of the state of Washington.

16. Defendant Gary G. Zangre is a citizen of the United States and a resident of Texas, and at all times relevant herein was a resident of the states of Florida and Texas.

17. Defendant Marilou C. Zangre is a citizen of the United States and a resident of Texas, and at all times relevant herein was a resident of the states of Florida and Texas.

18. Defendant Cynthia C. Crosby is a citizen of the United States and a resident of Texas, and at all times relevant herein was a resident of the states of Florida and Texas.

19. With respect to all facts and violations alleged in this complaint, Defendants collectively conspired to deprive the Plaintiff of a federal right resulting in fraudulent action under the color of state law.

## ALLEGATIONS OF FACT

20. The Plaintiff John Tyler Koch, and Defendant Jaclyn Callan Koch, entered an agency relationship in the Summer of 2013 while residents of Missouri.

21. The agency relationship continued in the form of an informal marriage as recognized by Texas Family Code Sec. 2.401 in April of 2016.

22. The agency relationship was further recognized as a ceremonial marriage in June of 2017, pursuant to the requirements of Texas Family Code 2.203.

23. Plaintiff is a full-time student in Houston, Texas; reliant upon Defendant Koch's fiduciary duty to

3

Case 2:20-cv-04090-NKL   Document 1   Filed 05/22/20   Page 3 of 16

provide compensatory support for his education, in recognition of the Plaintiff's fiduciary and financial support of Defendant Koch's professional education from 2013 through 2016.

24. Defendant Jaclyn Koch is a Doctor of Veterinary Medicine in Katy, Texas, who works exclusively a shift scheduled during solely overnight hours as a matter of contract.

25. The Plaintiff and Defendant conceived a child in the spring of 2018, who was later born in October of 2018.

26. Following six weeks of post-partum leave, Defendant Jaclyn Koch returned to her full-time work schedule on November 26th, 2019.

27. The Plaintiff provided exclusive and unaided care for the child during all overnight hours which Defendant Jaclyn Koch was working.

28. The Plaintiff exclusively always provided supervision and support for the child no less than fifty percent of the parent child relationship following the child's birth.

29. Following childbirth, and with the direct aiding of Defendants Gary and Marilou Zangre, Defendant Jaclyn Koch secretly initiated plans to withdraw from the agency relationship.

30. Defendant Jaclyn Koch engaged the services and support of Defendant Jordan Mazur in or about February of 2019; intentionally, knowingly, and willfully communicating false information regarding the Plaintiff for the purposes of causing or encouraging Defendant Mazur to alienate support of the Plaintiff in any manner.

31. Defendants Gary G. Zangre and Marilou C. Zangre, biological parents of Defendant Jaclyn Koch, moved from their previous permanent residence of Florida to the same county as the Plaintiff and Defendant in August of 2019.

32. Defendant Cynthia Crosby, biological aunt to Defendant Jaclyn Koch, moved from her previous permanent residence of Florida to the same municipality as the Plaintiff and Defendant.

33. Defendants Gary Zangre and Marilou Zangre began coercing and encouraging Defendant Jaclyn Koch to terminate the agency relationship and deprive the Plaintiff of his established parental rights and responsibilities and deprive the child of continuation of the parent-child relationship established since childbirth.

34. Defendants Jaclyn Koch, Gary Zangre, and Marilou Zangre actively began to develop a scheme

to solicit the color of state law to create a barrier to the Plaintiff's ability to continue his parent-child relationship in or about October of 2019 following the arrival of Defendant Crosby.

35. On or about November 10, 2019, Defendants Gary Zangre, Marilou Zangre, and Jaclyn Koch retained the services of Defendant Melissa Pickett, a Texas Attorney at Law.

36. Defendant Pickett agreed to participate in the conspiracy to deprive the Plaintiff of parental rights via a representation agreement between Pickett and Defendant Koch.

37. In her role as counsel for Defendant Koch, Defendant Pickett facilitated the creative yet false accounting of events between her client and the Plaintiff, giving rise to Defendant Koch's application for a Temporary Ex Parte Protective Order pursuant to Texas Family Code Sec. 83.001.

38. Harris County, Texas maintains a specific court for consideration of issue containing family violence, the 280th State District Court.

39. Judge Barbara J. Stalder is the elected Judge of the 280th District during the issues giving rise to the alleged violations contained herein.

40. Judge Barbara J. Stalder is an individual entitled to qualified immunity in her official capacity as an elected official of the judicial system and is not a party to this case or controversy for the purposes of civil liability.

41. Defendant Pickett had an established personal relationship with Judge Stalder prior to the commencement of Defendant Koch's application, including but not necessarily limited to serving as a key member of Judge Stalder's campaign and judicial election committee.

42. On or about November 28, 2019, Defendants Gary Zangre, Marilou Zangre, Jaclyn Koch, informed Defendant Douglas Zangre, Defendant Jaclyn Koch's biological brother, of the details of the conspiracy to eliminate the Plaintiff's access to his child. Defendant Zangre voiced no opposition.

43. Defendant Crosby was also made aware of the Defendants collective plan and voiced no opposition.

44. Defendant Mazur was solicited to provide interference and distraction for Defendant Koch, while soliciting information regarding the anticipated response and legal approach from the Plaintiff.

5

45. Defendant Mazur manipulated the emotional well being and vulnerability of the Plaintiff for the purposes of relaying back to the other Defendants Mr. Koch's status and activities.

46. On December 14, 2019, the Defendants put into motion the mechanics of their conspiracy, which involved the covert removal of the Plaintiff's child from the couple's home, and hiding her behind the protection of a Temporary Ex Parte Protective Order issued under false pretenses by the 280th District Court.

47. The Plaintiff was given no indication that a Protective Order had been issued until December 19, 2019, upon retaining the services of counsel to investigate.

48. Upon discovering that Defendant Koch's application for Temporary Ex Parte Protection had been filed by Defendant Pickett and issued by Judge Stalder, the Plaintiff researched party affiliation and history.

49. Plaintiff was not served process regarding the temporary order until December 28, 2019.

50. A hearing on the merits of the claim was set for January 6, 2020.

51. The personal nature of Defendant Pickett's relationship with Judge Stalder became readily apparent throughout the proceeding on January 6, 2020. On numerous occasions Defendant Pickett's professionalism came second to her colloquial conversations with the sitting Judge.

52. Upon learning of the nearly sixty-day delay in the Court's ability to conduct a hearing, Defendant Pickett objected to Judge Stalder's suggestion of another Judge's ability to rule on the merits of the claim in an adjacent hearing then set for January 16, 2020.

53. This objection demonstrated the Defendants clear willingness to place familiar relationships and favoritism above judicial efficiency at the expense of the Plaintiff's fundamental right to parenthood.

54. In lieu of a hearing on the merits of the protective order, the Defendants leveraged a willingness to pass the hearing in exchange for a modified child possession schedule and temporary order, severely limiting access to his daughter and infringing upon the Constitutional rights of the Plaintiff.

55. In the months following the agreed temporary order, the Defendants continued to impose unreasonable restrictions on the possession and access rights of the Plaintiff, refusing to agree to any substantive agreement that would purport to balance the right of parenthood between the Plaintiff and Defendant Koch.

56. Defendants Mazur and Piotter have continued to orchestrate harassing and discriminating

campaigns to disparage the Plaintiff via social media platforms such as Instagram, resulting in public humiliation and ridicule at the Plaintiff's expense, and at the direction of Defendant Koch.

57. At all times relevant to this action, Defendant Koch has seized control of the couple's community property and refused to honor any obligations that were existing at the time of the conspiracy's activation resulting in not only the Plaintiff's deprivation of rights, but actual financial damage.

58. All Defendants acted collectively to discriminate against the Plaintiff based on his sex and inherent fundamental right to parenthood, for the purposes of causing deprivation of that right.

59. Despite knowledge and adequate opportunity to learn of the misconduct and fraudulent allegations of the Defendant Jaclyn Koch, Gary Zangre, and Marilou Zangre and to remedy such misconduct, Defendants Pickett, Douglas Zangre, Cynthia Crosby, Jordan Mazur, and Corinne Piotter adopted, approved, and ratified the acts, omissions, and misconduct of Defendant Jaclyn Koch.

60. Defendant Pickett's leveraging of a personal relationship in order to improperly influence a state official amounts to conduct under the color of state action, that deprived the Plaintiff of his fundamental rights.

61. Defendants' acts proximately caused Plaintiffs damages and injuries, including but not limited to lost income, damage to financial standing and investments, pain and suffering and emotional distress, as well as any potential backlash the Defendants or other parties named herein may wish to impose on the Plaintiff's prospective business relations.

62. Mr. Koch's factual assertions are presented in compliance with Federal Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

63. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

7

# COUNT I
## VIOLATIONS OF RIGHTS SECURED BY THE PRIVILEGES AND IMMUNITIES CLAUSE OF ARTICLE IV OF THE UNITED STATES CONSTITUTION
(42 U.S.C. §1983, 42 U.S.C. 1985, 18 U.S.C. §1001)

64. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

65. Defendants Jaclyn Koch, Gary Zangre, Marilou Zangre, Douglas Zangre, Jordan Mazur, Corinne Piotter, and Cynthia Crosby, did knowingly and intentionally conspire to infringe upon the privileges and immunities of the Plaintiff, known to be a citizen of the state of Texas.

66. The treatment that the Plaintiff received and subsequent restriction of access to raise his child was orchestrated across state lines in a collaborative effort by the named Defendants.

67. Plaintiff's fundamental rights to parenthood and child rearing is guaranteed by the Constitution, and are in their nature, deemed fundamental and deserving of protection across state lines among citizens of the several states.

68. Defendants acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of the Plaintiff's constitutional rights.

# COUNT II
## VIOLATIONS OF RIGHTS SECURED BY THE PETITION CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION
(42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. 2000a, 42 U.S.C. §2000a-2; 18 U.S.C. §1512(b))

69. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

70. Defendants Koch, Gary Zangre, Marilou Zangre, and Melissa Pickett, did intentionally and knowingly interfere with Mr. Koch's right of access to the court for the redress of grievances, through the leveraging of minimal access to his daughter in return for a waiver of hearing.

71. Defendants taunted the Plaintiff with a restoration of a fundamental right in order to intimidate or otherwise coerce the plaintiff to forgo his right to seek a judicial remedy.

72. Defendants proposed agreement was a mere sham offered with the intention of demonstrating

compromise and negotiation, with an underlying effect of detrimentally impacting the Plaintiff's fundamental right to raise and parent his child.

73. Mr. Koch's waiver of his right to petition a judicial body for redress of alleged wrongs should have stood apart, separate and severable, from any other form of action directed at or between the parties.

74. The acts and omissions of Defendants Jaclyn Koch, Gary Zangre, Marilou Zangre, and Melissa Pickett, amount to interference with the Plaintiff's exercise of rights and privileges to seek judicial redress.

75. The acts and omissions of Defendants Jaclyn Koch, Gary Zangre, Marilou Zangre, and Jordan Mazur, amount to the knowing use of intimidation, threats, and corrupt persuasion to encourage the waiver of seeking a judicial remedy.

## COUNT III
## VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
(42 U.S.C. § 1983)

76. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

77. Plaintiff is a member of a quasi-suspect classification and was unlawfully discriminated against because of his gender, pursuant to *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718 (1982).

78. Plaintiff, in his consistent approach since day one of his daughter's life, has fulfilled and exceed the roles and responsibilities normally required by one parent alone.

79. Nevertheless, Defendant Koch and Pickett alleged facts and portrayed false scenarios depicting the Plaintiff as an absentee or part-time father figure, never fully establishing a parent-child relationship.

80. All of the actions taken by Defendant Pickett of other acting on her behalf during her representation of Defendant Jaclyn Koch, including the in-court appearance in the 280th District Court, were done collaboratively with Defendant Pickett's exploitation of her personal relationship with a judicial officer amounting to Pickett's conspiracy under the color of state law.

81. The judicial results of the conspiracy had the effect of depriving the Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth

9

Amendment to the United States Constitution.

82. Defendant Koch's and Pickett's acts and omissions constituted a custom, practice, and policy of deliberate indifference to the Plaintiff's constitutional rights secured by the Equal Protection Clause of the Constitution.

## COUNT IV
### VIOLATION OF RIGHTS SECURED BY THE RETAINED RIGHTS PROVISION OF THE NINTH AMENDMENT
(42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1986, 18 U.S.C. §1001, 18 U.S.C. 1343, 42 U.S.C. §2000a-2,)

83. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

84. The Plaintiff's right to remain free from interference with his fundamental rights by way of conspiracy was directly impaired by Defendants Cynthia Crosby and Douglas Zangre's neglect to interfere with the conspiracy of Defendants Koch, Gary Zangre, and Marilou Zangre.

85. Defendant Jaclyn Koch did knowingly make false official statements to further the conspiracy to deprive the Plaintiff of his fundamental right to raise his child.

86. Defendant Marilou Zangre did knowingly and maliciously make false and defamatory statements to members of the Plaintiff's family directly concerning the Plaintiff, with the intent to damage and diminish the Plaintiff's reputation and network of available support; directly infringing upon the Plaintiff's right to privacy.

87. Defendant Gary Zangre did knowingly and maliciously infringe upon the Plaintiff's right to privacy through invasion of the Plaintiff's private property and area surrounding his private property with the intent to intimidate Plaintiff to deter potential witness testimony.

88. Defendant's Mazur and Piotter did knowingly and maliciously attack the character of the Plaintiff by publicly disclosing private facts of Plaintiff's marital relationship for the purposes of diminishing the Plaintiff's social reputation and prospective business relationships.

## COUNT V
### VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
(42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. 2000a, 42 U.S.C. §2000a-2; 18 U.S.C. §1512(b))

89. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

90. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

91. The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. *Cf. Zinermon v. Burch*, 494 U.S. 113, 125, (1990).

92. A violation of either of these kinds of protection may form the basis for a suit under section 1983.

93. The substantive component of the Due Process Clause protects those rights that are fundamental, that is, rights that are implicit in the concept of ordered liberty.

94. A finding that a right merits substantive due process protection means that the right is protected against certain government actions regardless of the fairness of the procedures used to implement them.

95. Defendants conspiracy resulted in the deprivation of the Plaintiff's fundamental liberty interest of the right and responsibility of raising his child without the proper due process of law.

96. Defendants Koch and Pickett facilitated a procedural waiver of the Plaintiff's right to parenthood and possession of his child as a matter of contract, without regard for the Plaintiff's due process of law.

97. The Plaintiff's right to petition a court for the redress of grievances concerning a fundamental liberty interest should not be eligible for waiver when bargained against a separate fundamental right of the Plaintiff.

98. The Defendant's coercion improperly resulted in a waiver of Plaintiff's fundamental interests of liberty protected by the Fourteenth Amendment. Federal precedent required that once protected interests are implicated, the right to some kind of prior hearing is paramount as a matter of law. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1982).

99. The constitutional right to due process of law entitles a person to a neutral judge. See *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980). Defendant Pickett's personal relationship and courtroom behavior gave the appearance of impropriety and a degree of judicial bias within the proceeding.

## COUNT VI
## VIOLATIONS OF RIGHTS SECURED BY THE PRIVILEGES OR IMMUNITIES CLAUSE OF THE FOURTEENTH AMENDMENT

(42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1986, 18 U.S.C. §1001, 18 U.S.C. 1343, 42 U.S.C. §2000a-2,)

100. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

101. The Fourteenth Amendment protects those privileges and immunities which are, in their nature, fundamental; which belong, of right, to the citizens of all free governments; and which have, at all times, been enjoyed by the citizens of the several states from the time of their becoming free, independent, and sovereign.

102. The clause "includes those rights and privileges which, under the laws and Constitution of the United States, are incident to citizenship of the United States, but does not include rights pertaining to state citizenship and derived solely from the relationship of the citizen and his state established by state law." *Snowden v. Hughes*, 321 U.S. 1, 6–7 (1943) (citing *In re Slaughter-House Cases*, 16 Wall. 36, 74, 79 (1872)).

103. Defendants conspiracy included elements of wire fraud initiated and carried out by Defendant Jaclyn Koch wherein she transferred the financial resources of the couple, which is recognized as community property in Texas, to an outside financial institution. Further, Defendant Koch granted access and ownership of community property to Defendant Marilou Zangre.

104. The Plaintiff's right to exercise his liberty of contract was impaired by the defamatory actions of Defendants Mazur and Piotter, nor inhibited by malicious campaigns to restrict the Plaintiff's social network.

105. The Defendants collective conspiracy and Defendant Koch's subsequent breaches of contract further inhibited the Plaintiffs ability to pursue a career and education reliant on Defendant Koch's promised fiduciary duty of loyalty.

106. The Plaintiff's right to make decisions concerning his child's education and religious affiliation

12

and exposure was compromised by the orchestrated deprivation of due process of law.

107. The Plaintiff's marital relationship was tortuously interfered with by Defendants resulting in breach of the marriage contract and damages incurred from the Plaintiff's detrimental reliance on the privity of contract and bilateral performance.

## COUNT VII
### DEPRIVATION OF PRIVILEGES OR IMMUNITIES WITHOUT DUE COURSE OF THE LAW OF THE LAND

108. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

109. Article I, § 19 of the Texas Constitution provides that: No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land.

110. Among the rights secured by the due course of the law of the land guarantee of the Texas Constitution, commonly known as the constitution's "substantive due course of law" guarantee, is the right to perform the rights and responsibilities of parenthood in accordance with the best interests of the child while free from unreasonable government interference.

111. The natural right existing between parents and their children is of constitutional dimensions. Involuntary termination or limitation of parental rights involves fundamental constitutional rights.

112. This natural parental right has been characterized by the Texas Supreme Court as "essential," "a basic civil right of man," and "far more precious than property rights."

113. A termination decree is complete, final, irrevocable and divests for all time that natural right as well as all legal rights, privileges, duties and powers with respect to each other except for the child's right to inherit.

114. The evidence in support of termination or limitation must be clear and convincing before a court may involuntarily restrict a parent's rights. Consequently, termination proceedings should be strictly scrutinized, and involuntary termination statutes are strictly construed in favor of the parent.

13

Case 2:20-cv-04090-NKL   Document 1   Filed 05/22/20   Page 13 of 16

115. The actions of Defendants created a circumstance forcing the Plaintiff to choose between exercising the Due Course of Law guarantee of the Texas Constitution by pursuing redress of grievances against Defendant Koch in an open court, and regaining the ability to enjoy his arbitrarily restricted fundamental right of parenthood.

116. By forcing the Plaintiff to choose one Due Course of Law over another, his Constitutional guarantee of a fair and equitable process based on clear and convincing evidence was undermined.

## COUNT VIII
### CIVIL CONSPIRACY

117. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

118. Civil conspiracy exists in this case between all Defendants pursuit of a common plan or scheme intended to deprive the Plaintiff of his right to care for and maintain custody of his child.

119. The improper conduct demonstrated by Defendants Mazur and Piotter, whose actions were done in furtherance of the Defendant Jaclyn Koch's conspiracy resulting in damage to the Plaintiff.

120. The common law of Missouri requires holding the conspirators jointly and severally liable for underlying, improper conduct.

121. The elements of a civil conspiracy claim are (1) two or more persons, (2) an unlawful objective, a (3) meeting of the minds, (4) one act in furtherance of the conspiracy and (5) damages. *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 781 (Mo. 1999).

122. In Missouri, "unlawful" for purposes of a civil conspiracy is not limited to conduct that is criminally liable; which includes individuals associating for the purpose of causing or inducing a breach of contract or business expectancy as demonstrated by Defendants Mazur and Piotter. *Lyn-Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693, 700-01 (Mo. Ct. App. 1999).

## COUNT IX
### KNOWING PARTICIPATION

123. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding

14

paragraphs as if realleged fully herein.

124. Texas common law provides remedy for injury done by a third party who knowingly participates in causing a breach of fiduciary duty. See *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (1942).

125. The general elements for a knowing-participation claim are: 1) the existence of a fiduciary relationship; 2) the third party knew of the fiduciary relationship; and 3) the third party was aware it was participating in the breach of that fiduciary relationship.

126. A fiduciary relationship existed between the Plaintiff and Defendant Jaclyn Koch based on the principles of Agency and the marriage contract established in April of 2016.

127. Defendants Gary Zangre and Marilou Zangre knew of the existence of this fiduciary relationship.

128. Defendants Gary Zangre and Marilou Zangre were aware that they were participating in and furthering Defendant Koch's breach of this fiduciary duty.

129. Defendants Gary Zangre and Marilou Zangre knew that the breach of fiduciary duty was based on false pretenses, which would cause actual damages to the Plaintiff.

130. Defendants acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' constitutional rights.

## PRAYER FOR RELIEF

131. WHEREFORE, the Plaintiff respectfully prays for judgement awarding damages as follows:

    a. Compensatory against all Defendants jointly and severally, and punitive damages against Defendants Jaclyn Callan Koch, Gary Zangre, Marilou Zangre, Melissa Pickett, Jordan Mazur, and Corinne Piotter; Plaintiff expressly does not seek punitive damages against Defendants Douglas Zangre and Cynthia Crosby;

    b. Pre- and post-judgment interest as allowed by law;

    c. Reasonable costs and attorneys fees incurred in bringing this action; and,

    d. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

132. The Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

**JOHN T. KOCH**
23411 Main Mast Ct.
Katy, Texas 77494
Email: john@kochfamilylaw.com

*/s/ John Tyler Koch*

Plaintiff, John Tyler Koch
24311 Main Mast Court
Katy, Texas 77494
john@kochfamilylaw.com
(713) 724-1601

16

Case 2:20-cv-04090-NKL   Document 1   Filed 05/22/20   Page 16 of 16